UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC JAMES COON,<br><br>        Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, IN HER INDIVIDUAL CAPACITY,<br><br>        Defendant. | 4:14-CV-04165-KES<br><br>ORDER STAYING DISCOVERY |

      This matter is before the court on plaintiff Eric Coon's *pro se* complaint alleging defendant has committed medical malpractice and violated his constitutional rights under the Eighth Amendment to the United States Constitution. See Docket No. 1. All of Mr. Coon's claims are based on a July, 2011, injury to his knee and the treatment he received in the aftermath of that injury. Id. Mr. Coon is a prisoner in the South Dakota State Penitentiary.

      Defendant has now moved the court to stay all discovery in this case pending the filing of a motion for summary judgment based on the defense of qualified immunity. See Docket No. 19.

      In order to show a *prima facie* case under 42 U.S.C. § 1983, Mr. Coon must show (1) defendants acted under color or state law and (2) " 'the alleged wrongful conduct deprived him of a constitutionally protected federal right.' " Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)).

1

Qualified immunity protects government officials from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit, not just a defense to liability at trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Therefore, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 536 (1991).

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that one of the two elements is not met, the court need not decide the other element, and the court may address the elements in any order it wishes "in light of the circumstances of the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Defendants are entitled to qualified immunity if the answer to either of the Saucier prongs is "no."

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Stanton v. Sims, ___ U.S. ___, 134 S. Ct. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2085 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))).

" 'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.' " Stanton, 134 S. Ct. at 5. " 'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.' " Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818). Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity will the plaintiff "be entitled to some discovery." Id. Even then, the Court has pointed out that Fed. R. Civ. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of requests to admit, to bar discovery on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence. Id.

Based on the above law, the court hereby

ORDERS that defendant's motion to stay [Docket No. 19] is granted. Defendant shall file her motion for summary judgment based on the qualified immunity defense on or before May 29, 2015.  It is further

ORDERED that defendant shall provide immediately to Mr. Coon any and all medical records, including kites regarding medical care, pertaining to himself from the period of July 1, 2011, up to and including today's date.  This order is intended to cover all medical records for Mr. Coon for the period indicated, even if those records are in the custody of medical providers outside the South Dakota state penitentiary system.  If necessary, Mr. Coon shall sign a release allowing independent medical providers to disclose his medical records to defendant in order to effectuate this order.

DATED April 10, 2015.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge