UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC JAMES COON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. MARY CARPENTER, IN HER INDIVIDUAL CAPACITY,<br><br>　　　　Defendant. | 4:14-CV-04165-KES<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF EXPERT WITNESS<br><br>[DOCKET NO. 25] |

　　　　This matter is before the court on plaintiff Eric Coon's *pro se* complaint alleging defendant has committed medical malpractice and violated his constitutional rights under the Eighth Amendment to the United States Constitution.  See Docket No. 1.  All of Mr. Coon's claims are based on a July, 2011, injury to his knee and the treatment he received in the aftermath of that injury.  Id.  Mr. Coon is a prisoner in the South Dakota State Penitentiary.  Mr. Coon's case was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and the Honorable Judge Karen E. Schreier's October 16, 2014, standing order for handling pretrial nondispositive motions and for making recommendations on dispositive motions.

　　　　Mr. Coon now moves the court to appoint an expert medical witness on his behalf, specifically an orthopedic surgeon.  See Docket No. 25.  The statute providing authority for Mr. Coon to proceed *in forma pauperis* in this matter, 28 U.S.C. § 1915, does not give this court authority to appoint an expert witness

to act on Mr. Coon's behalf.  <u>United States Marshals Serv. v. Means</u>, 741 F.2d 1053, 1056-57 (8th Cir. 1984) (stating "[t]he plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us that the statute neither expressly nor implicitly authorizes the payment of the witness fees and expenses" of a *pro se* plaintiff).

The Federal Rules of Evidence and Civil Procedure do grant the court discretion to appoint an expert as the court's own expert.  See <u>Means</u>, 741 F.2d at 1057 (citing FED. R. EVID. 614(a) and 706(b) and FED. R. CIV. P. 54(d)). However, the court has "strongly emphasize[d] that this discretionary power is to be exercised only under compelling circumstances."  <u>Id.</u>  The court's discretionary decision to deny a *pro se* plaintiff the appointment of a medical expert in an Eighth Amendment deliberate indifference and medical malpractice claims has been repeatedly affirmed.  See <u>Toney v. Hakala</u>, 556 Fed. Appx. 570, 571 (8th Cir. 2014); <u>Robinson v. Reed</u>, 997 F.2d 586, *1 (8th Cir. 1992); <u>Bradshaw v. Lappin</u>, 484 Fed. Appx. 217, 223 (10th Cir. 2012); <u>Hannah v. United States</u>, 523 F.3d 597, 600-01 (5th Cir. 2008); <u>Ledford v. Sullivan</u>, 105 F.3d 354, 360-61 (7th Cir. 1997).

The court does not suggest or hold that a *pro se* prisoner can never adduce facts which would justify the appointment of an expert witness for his benefit.  However, the burden is on Mr. Coon to show the compelling need justifying the appointment of an expert in his case.  <u>Jones v. Liong</u>, 986 F.2d 503, *1 (8th Cir. 1993) (citing <u>United States v. Sailer</u>, 552 F.2d 213, 215 (8th Cir. 1977)).  He has not done so.  Accordingly, it is hereby

ORDERED that Mr. Coon's motion for the appointment of an expert witness [Docket No. 25] is DENIED

DATED May 4, 2015.

BY THE COURT:

*[signature]*

VERONICA L. DUFFY
United States Magistrate Judge